**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SANCEN SERRATO,<br><br>    Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 16-70020<br><br>Agency No. A075-476-100<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before: WALLACE, FARRIS, and TROTT, Circuit Judges.

Jose Sancen Serrato, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

  \*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
  \*\*  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying as untimely Sancen Serrato's motion to the Immigration Judge to reopen his case, where the motion was filed more than 90 days after his final order of removal. *See* 8 C.F.R. § 1003.23(b)(1). Moreover, as recognized by the BIA, he "did not assert any arguments regarding [equitable tolling] in his motion; nor does the record indicate that equitable tolling is appropriate." Sancen Serrato has not sufficiently explained why he did not timely file the motion, and thus has not demonstrated that he warrants equitable tolling of the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances).

In light of our disposition, we do not reach Sancen Serrato's remaining contentions regarding his prior counsel's competence, prejudice resulting from his prior counsel's performance, or compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

2 16-70020

**PETITION FOR REVIEW DENIED.**